UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| MICHELLE YVONNE COE, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | 1:17-cv-01303-RLY-MJD |
| | ) | |
| J.P. MORGAN CHASE & COMPANY, | ) | |
| JPMORGAN CHASE BANK N.A., | ) | |
| THE STATE OF INDIANA, | ) | |
| | ) | |
| Appellees. | ) | |

**ENTRY ON APPELLANT'S MOTION FOR RECONSIDERATION, REQUEST FOR RECUSAL, AND MOTION FOR EMERGENCY INJUNCTIVE RELIEF**

Appellant, Michelle Yvonne Coe, is no stranger to the judicial system—federal or state. Proceeding *pro se*, she has persistently filed various motions in an attempt to challenge an apparent adverse foreclosure action that occurred in state court. Before the court is Appellant's latest attempt, which she has stylized as a "Motion to Rescind Order Denying Motion to Proceed *In Forma Pauperis*, for the Recusal of Judge Richard Young and for Emergency Injuctive [sic] relief." For the reasons stated below, the court **DENIES** the motion.

With respect to her request for emergency injunctive relief, Appellant continues to be knocking on the wrong door. As was the case in its order issued on May 22, 2017, the court does not have jurisdiction to entertain Appellant's challenges because she failed to cure her deficient Notice of Appeal in a timely manner. (*See* Filing No. 7). Failure to file a timely notice of appeal in compliance with Rule 8002 of the Bankruptcy Rules

1

divests the court of jurisdiction.  *See In re Salem*, 465 F.3d 767, 774 (7th Cir. 2006) (citing *In re Bond*, 254 F.3d 669, 673 (7th Cir. 2001)).

Appellant also requests an order rescinding the court's previous order denying her request for leave to proceed *in forma pauperis* on appeal.  Treating this request as a motion for reconsideration under Rule 59(e), *see Parker v. Four Seasons Hotels, Ltd.*, 845 F.3d 807, 811 (7th Cir. 2017) (district court obligated to liberally construe *pro se* pleadings), the court finds no reason to reconsider, much less reverse course from, its earlier ruling finding Appellant's appeal would not be taken in good faith.  The court is not aware of any newly discovered evidence or manifest error of law.  *See Bordelon v. Chicago School Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000).  Appellant's request is simply an attempt to reargue the merits, which is improper under Rule 59.  *See Neal v. Newspaper Holdings, Inc.*, 349 F.3d 363, 368 (7th Cir. 2003).

Lastly, Appellant seeks the recusal of the undersigned.  Specifically, she argues:

> It appears that the Appellant's former employer TransAmerica and Judge Richard Young have a relationship.  TransAmerica is incorporated in the state of Iowa and the Appellant filed a [sic] EEOC complaint against this company recently and was given the right to sue.  Judge Richard Young was born in Davenport, Iowa and has a relationship with this company as it appears on the face of this matter is [sic] doing them a favor by denying my rights.

(Filing No. 27, Appellant's Motion at 2).  While the court is ever mindful of the importance of preserving the impartiality of the judicial system, *see Weddington v. Zatecky*, 721 F.3d 456, 461 (7th Cir. 2013), the court is confident that Appellant's

allegations do not warrant recusal.[1]  Mere conclusions of bias based on her frustrations with the court's rulings do not support a claim for recusal.  *See Eppley v. Iacovelli*, No. 1:09-cv-386, 2009 WL 1033391, at *2-3 (S.D. Ind. Apr. 16, 2009).  Appellant simply has not shown any objectively reasonable animus or bias to overcome the presumption that "judges rise above any potential biasing influences."  *Tezak v. United States*, 256 F.3d 702, 718 (7th Cir. 2001) (citation omitted); *see also United States v. Hiers*, 594 Fed.Appx. 314, 316 (7th Cir. 2015) (citing cases).

For the reasons stated above, Appellant's Motion is **DENIED**.  (Filing No. 27).

**SO ORDERED** this 19th day of October 2017.

_____
RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.

Distributed via U.S. Mail:

Michelle Yvonne Coe
5429 Central Avenue #3
Indianapolis, IN 46220

---

[1] The court considers Appellant's request as being made pursuant to 28 U.S.C. § 455 as opposed to the other federal recusal statute, 28 U.S.C. § 144, because Appellant has not filed an affidavit nor could she satisfy the certification of counsel requirement.  *See Eppley v. Iacovelli*, No. 1:09-cv-386, 2009 WL 1033391, at *1 n. 1 (S.D. Ind. Apr. 16, 2009).